**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 09-02106-MD-GOLD/GOODMAN**

IN RE: FONTAINEBLEAU LAS VEGAS
CONTRACT LITIGATION
_____/

**ORDER ON MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

This matter is before the Court on a Motion for Entry of Confidentiality Order by Fontainebleau Resorts, LCC, Fontainebleau Resorts Holdings, LLC, and Fontainebleau Resorts Properties I, LLC (DE# 171), filed October 22, 2010. The motion indicates that the parties potentially affected by the proposed order oppose the requested relief. Because of the time-sensitive nature of this matter, and the Court's familiarity with the issues, I will decide this motion without argument or additional briefing.[1]

During a lengthy telephone hearing on October 18, 2010, Fontainebleau's counsel stated that it would take "less than a day" to run a search on the email server with agreed-upon search terms for privilege review purposes. Based, in part, on that representation, the Court entered an order on October 18 (DE# 167) requiring that responsive, non-privileged emails be produced by the end of business on Monday, October 25, 2010 (today).

Shortly before 4 p.m. last Friday, four days after the entry of the October 18 order and one business day before Fontainebleau's first production pursuant to the October 18 order was due, Fontainebleau filed its last-minute motion for the entry of a confidentiality order. Fontainebleau now states that it likely will not have the opportunity to inspect all of the relevant documents in conformity with the October 18 order. Fontainebleau states

---

[1] The procedural history for this motion is recounted in two previous orders. In brief, in August I granted a motion to compel production of materials subject to a subpoena issued on April 22, 2010 (DE# 129, filed August 30, 2010). After Fontainebleau failed to comply with the deadlines I set forth in the order granting the motion to compel, the Term Lenders filed a motion for sanctions. After extensive argument, I enlarged the deadlines for Fontainebleau to comply with the order granting the motion to compel and reserved ruling on sanctions (DE# 167, filed October 18, 2010).

that it is simply impossible for an attorney to review hundreds of thousands of documents prior to the deadlines provided in the October 18 order.

Fontainebleau has not adequately explained why an attorney would need to personally examine "hundreds of thousands of documents." Fontainebleau's motion does not allege that its electronic discovery vendor, Ikon, or another vendor, cannot run the appropriate search for privileged documents. In fact, that is exactly what the parties contemplated during the hearing and, as noted above, Fontainebleau represented that it would take less than a day to run a search for potentially privileged documents on the email server. (In addition, Fontainebleau has not proffered any reason why it could not run a similar privilege search on the documents and accounts servers.) The Court therefore does not understand Fontainebleau's assertion that an attorney would have to review "hundreds of thousands of documents" instead of a more limited number of documents that are returned by the electronic discovery search as both responsive and potentially privileged.

I have also reviewed the terms of the proposed confidentiality order submitted by Fontainebleau. The proposed order would place the burden on the requesting parties to produce back to Fontainebleau all of the documents which they copy off the servers. This process might reveal attorney work product because it would demonstrate which documents the requesting parties deem important enough to copy.[2]

Additionally, the proposed order would impose time constraints on the requesting parties which are unreasonable under the circumstances. For example, the requesting parties might take weeks or longer to determine which documents they want to copy. Fontainebleau's own discovery delays should not result in the imposition of discovery burdens on the requesting parties.

Fontainebleau's motion does not request an extension of the production deadlines set forth in the October 18 order, and none will be granted. Fontainebleau may, however, file a motion at a later date if it determines that it inadvertently produced privileged

---

[2] The Court understands that the potential for work product disclosure may already have arisen when one of the requesting parties revealed to Fontainebleau which three of the 80 boxes of hard-documents it wanted to copy. But letting Fontainebleau known which boxes were copied is significantly less revealing than pinpointing specific documents.

information.  The Court will not set a deadline as to when such motion must be filed, but delay in filing such a motion will be one of several factors the Court will consider in evaluating the motion.  Moreover, if Fontainebleau cannot in good faith and with diligent effort produce the privilege logs by the dates established in the October 18 order, it may file a **verified** motion for an enlargement of time to produce the privilege log.  The Court is not predicting in advance whether it would grant such a motion, but is merely providing a mechanism for potential relief if Fontainebleau can demonstrate substantial good cause and compelling grounds in its verified motion.  It is therefore,

ORDERED AND ADJUDGED that Fontainebleau's Motion for Entry of Confidentiality Order (DE# 171) is **DENIED**.

DONE AND ORDERED in Chambers, at Miami, Florida, this 25th Day of October, 2010.

**/s/ Jonathan Goodman**
Jonathan Goodman
United States Magistrate Judge

Copies furnished to:
All counsel of record